UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAY V. ADKINS,

   Plaintiff,

v.

ALDOUS & ASSOCIATES, PLLC,

   Defendant.

CASE NO. 1:21-cv-02613

## COMPLAINT

NOW COMES Plaintiff, RAY V. ADKINS ("Plaintiff"), by and through his undersigned counsel, complaining of the Defendant, ALDOUS & ASSOCIATES, PLLC ("Defendant"), as follows:

### Nature of the Action

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### Jurisdiction and Venue

2. Subject matter jurisdiction is conferred upon this Court as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in this district and Defendant's conduct harmed Plaintiff in this District.

### Parties

4. RAY V. ADKINS ("Plaintiff") is a consumer and natural person over 18-years-of-age, who at all times relevant, resided in this District.

5. Defendant is a private limited liability company with its principal place of business located at 4625 South 2300 East, Suite 207, Holladay Cottonwood, Utah 84117-4582.

1

6. Defendant is a "law firm that specialized in fitness industry 90 day past due consumer collections."[1]

7. Defendant's principal purpose of business is collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumer across the United States.

**FACTUAL ALLEGATIONS**

8. At some point, Plaintiff obtained a membership to Charter Fitness Gym ("Charter").

9. During the Covid-19 pandemic, the gym was closed and Plaintiff stopped making payments.

10. In December 2020, Plaintiff was notified by Charter that he owed $64 for the months that the gym was closed.

11. Plaintiff placed a phone call to Charter to determine why he was being charged several months of membership when the gym was closed.

12. Although Plaintiff was disappointed that he had to pay for membership when the gym was not open, he paid the $64 balance on December 22, 2020.

13. Plaintiff advised Defendant that he was verbally cancelling his membership.

14. Defendant advised Plaintiff that in order to cancel, Plaintiff needs to send written correspondence to the home office of Charter.

15. Defendant also advised that if Plaintiff's written cancellation was received within a few weeks, Plaintiff would not be charged for the January membership fee.

16. Plaintiff mailed out a written cancellation to Defendant, which was delivered to Defendant on January 4, 2021.

---

[1] https://aldouslegal.com/about-aldous-associates/

17. Even though Plaintiff complied and sent written communication cancelling his membership, the subject debt was place with Defendant for collections.

18. Defendant still attempted to collect the January membership fee, despite Defendant's assurance and representation that Plaintiff would not be charged, resulting in a balance on his account of $105 ("subject debt").

19. When Plaintiff spoke with Defendant and advised of the details of the account, Defendant responded that Charter says that Plaintiff owes the money and his version of the events does not matter.

20. During this phone call, Plaintiff requested that the phone calls cease.

21. Despite Plaintiff's request that the calls cease, Defendant continued to call Plaintiff on his cellular phone.

22. Defendant's phone harassment campaign was highly upsetting and inconvenient to Plaintiff and has caused Plaintiff actual harm, including but not limited to, invasion of privacy, the aggravation that accompanies unsolicited telephone calls, emotional distress, increased usage of his cellular phone service and utility services (power), reduced battery life, diminished space for data storage on his cellular phone, and increased risk of personal injury resulting from the distraction caused by the never-ending collection calls.

23. Plaintiff was left powerless to stop Defendant's collection efforts for a debt that he does not owe.

24. As a result, Plaintiff was forced to expend time and energy to retain counsel due to Defendant's conduct.

**Count I – Violations of the Fair Debt Collection Practices Act**

25. Plaintiff restates and realleges all preceding paragraphs of this Complaint as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

27. The debt on which Defendant was attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) because it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

28. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

### a. Violation(s) of 15 U.S.C. §1692c

29. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
> 15 U.S.C. § 1692c(a)(1).

30. Defendant violated 15 U.S.C. § 1692c(a)(1) by placing phone calls to Plaintiff's cell phone after Plaintiff requested that the phone calls cease.

31. Specifically, after Plaintiff requested that the phone calls cease, any time that Defendant called Plaintiff was an inconvenient time.

### b. Violations of FDCPA §1692d

32. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits "causing a telephone to ring or engaging

any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §§1692d and d(5) when it continuously called Plaintiff seeking to collect upon a the subject debt.

34. Specifically, Defendant violated §§ 1692d and d(5) when it continuously called Plaintiff seeking to resolve the subject debt when Plaintiff had informed Defendant that his membership had been cancelled and he did not owe the subject debt.

35. Additionally, Defendant violated §§1692d and d(5) when it continuously placed phone calls to Plaintiff's cellular telephone after Plaintiff requested that the phone calls cease.

36. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing the Plaintiff.

### c. Violations of FDCPA §§1692e and 1692f

37. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f by employing unfair and unconscionable means to attempt to collect on a debt not belonging to Plaintiff.

39. Defendant unfairly and unconscionably attempted to charge Plaintiff for the membership fee after Plaintiff had cancelled his membership and made complete and final payment.

40. Even more, once Plaintiff advised Defendant that he had cancelled his membership, Defendant advised that it did not matter since Charter said Plaintiff still owed money.

41. Specifically, Defendant was attempting to collect on a debt that Plaintiff did not owe.

42. Pursuant to §1692e of the FDCPA, a debtor collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

43. Defendant violated §1692e by falsely representing Plaintiff's membership cancellation would not keep Defendant from continuing to collect on the subject debt.

44. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

WHEREFORE Plaintiff, RAY V. ADKINS, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: May 14, 2021　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Victor T. Metroff*
　　　　　　　　　　　　　　　　　　　　　　　　Mohammed O. Badwan, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　Victor T. Metroff, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*
　　　　　　　　　　　　　　　　　　　　　　　　SULAIMAN LAW GROUP, LTD.
　　　　　　　　　　　　　　　　　　　　　　　　2500 South Highland Avenue
　　　　　　　　　　　　　　　　　　　　　　　　Suite 200
　　　　　　　　　　　　　　　　　　　　　　　　Lombard, Illinois 60148
　　　　　　　　　　　　　　　　　　　　　　　　(630) 575-8180 (phone)
　　　　　　　　　　　　　　　　　　　　　　　　(630) 575-8188 (fax)
　　　　　　　　　　　　　　　　　　　　　　　　mbadwan@sulaimanlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　vmetroff@sulaimanlaw.com